UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80888-CIV-COHN

FREEDOM FRESH, LLC,

Plaintiff,

vs.

EVERGREEN PRODUCE IMPORTS, INC.,
VALORIE M. TURDO, individually, and
MICHAEL J. TURDO, individually,

Defendants.

_____/

## TEMPORARY RESTRAINING ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Temporary Restraining

Order Without Notice [DE 5] pursuant to Rule 65 of the Federal Rules of Civil Procedure.

After careful consideration of the record, the Court makes the following findings of fact and

conclusions of law.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice

to the adverse party only if: 1) it clearly appears from specific facts shown by affidavit or

verified complaint that immediate and irreparable injury, loss or damage will result before

the adverse party can be heard in opposition, and 2) the applicant's attorney certifies the

reasons that notice should not be required.

In this case, it appears from the affidavit of Plaintiff's representative that Plaintiff is

a produce creditor of Defendants under Section 5(c) of the Perishable Agricultural

Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the

amount of $104,252.09 supplied to Defendants as required by the PACA. It also clear that

Defendants are in severe financial jeopardy and are dissipating PACA trust assets in that Defendants have failed and refused to pay any sums to Plaintiff despite repeated demands. See In re Kornblum & Co., Inc., 81 F.3d 280 (2nd Cir. 1996); Sanzone-Palmisano Company v. M. Seaman Enterprises, Inc., 986 F.2d 1010 (6th Cir. 1993). As a result, it appears that the PACA trust assets are threatened with dissipation. Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990); Taminura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000).

If notice is given to Defendants of the pendency of this motion, trust assets may be further dissipated before the motion is heard. Once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Taminura & Antle, Inc. v. Packed Fresh Produce, Inc., supra. Entry of this Order without notice assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(4).

In accord with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required.

Additionally, there is little harm to Defendants in granting an injunction, which only requires Defendants to do that which they are required to do under the statute, i.e., maintain the trust required by statute and pay for the undisputed portion of produce.

Lastly, the public interest is furthered by the granting of a temporary restraining order. The statute itself states that the trust law was established to benefit the public interest that had suffered due to nonpayment for produce.

The Court has determined that the bond requirements of FRCP 65(c) are not
applicable to this case because Defendants already have at least $104,252.09 worth of
trust assets from Plaintiff as security for the issuance of this Order.

Based on the foregoing, the Court finds that Plaintiffs will suffer immediate
irreparable injury in the form of a loss of trust assets unless this Order is granted without
notice. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Temporary Restraining Order Without Notice [DE 5] is
   **GRANTED**.

2. Defendants, their agents, officers, subsidiaries, assigns, banking institutions and
   related entities shall be temporarily restrained from dissipating, paying, transferring,
   assigning, or selling any and all assets covered by or subject to the trust provisions
   of the PACA without agreement from Plaintiff or until further order of the Court. The
   assets subject to this Order shall include all of Defendants' assets unless
   Defendants demonstrate that a particular asset is not derived from perishable
   agricultural commodities, inventories of food, other products derived from perishable
   agricultural commodities, or receivables from the sale of such commodities or
   products.

3. Defendants may sell perishable agricultural commodities for fair compensation on
   the condition that Defendants maintain the proceeds of such sale subject to this
   Order.

4. Defendants may use assets subject to this Order to retain legal counsel in

3

connection with this matter.

5.    This Order is binding upon the parties to this action and all other persons or entities
      who receive actual notice of this Order, by personal service or otherwise.

6.    This Order shall be dissolved if the Defendants pay Plaintiff the sum of
      $104,252.09 by cashier's check or certified check.

7.    This Order is being entered without notice to Defendants to assure retention of
      the trust assets.

8.    Plaintiff shall serve Defendants or Defendants' registered agent or counsel with a
      copy of this Order as soon as possible.  Plaintiff shall file a certificate of such
      service with the Court.

9.    Bond shall be waived in view of the fact that Defendants now hold $104,252.09
      of Plaintiff's assets.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, this 28th day of July,
2010, at __2:00__p.m.

                                        JAMES I. COHN
                                        United States District Judge

4